UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| RICKY WAYNE GIPSON, Plaintiff | CIVIL ACTION NO. 1:14-CV-02278 |
| VERSUS | JUDGE JAMES T. TRIMBLE, JR. |
| TIMOTHY KEITH, *ET AL.*, Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

Before the Court is a Motion for Relief from Judgment (Doc. 67) filed *in forma pauperis* by *pro se* plaintiff Ricky Wayne Gipson ("Gipson"). Gipson seeks relief from "judgment of the Fifth Circuit [as it] did not have jurisdiction to hear and decide whether 'Summary Judgment' was proper." (Doc. 67).

I. <u>Background</u>

Gipson is a state prisoner proceeding pro se and *in forma pauperis* in a civil rights action pursuant to 42 U.S.C. § 1983, filed July 8, 2014, and amended August 26, 2014. (Doc. 9). Gipson named defendants Warden Tim Keith ("Keith") (former warden of the Winn Correctional Center ("WCC") in Winnfield, Louisiana), Nicole Walker ("Walker") (assistant warden at WCC), Jack Garner ("Garner") (president of Corrections Corporation of America ("CCA"), the operator of WCC), Daniel Marr ("Marr") (medical director at WCC), and James LeBlanc ("LeBlanc") (Secretary of the Louisiana Department of Public Safety and Corrections). (Doc. 9).

Gipson contends that while he was incarcerated in WCC in 2013 and 2014, he was exposed to smoke from cigarettes and illegal substances which have injured him. (Doc. 9) Gipson contends he has been on prescription medication for smoke-related allergies since January 11, 2008. (Doc. 1). Gipson alleges that on December 14, 2013, he was in a simple fight with another inmate, and was moved from a non-smoking tier (D-1) to A-1 tier, which was "filled with smoke from cigarettes, mojo, crystal meth, and marijuana, causing [him] respiratory related problems and severe headaches requiring medical treatments at [his] costs [sic]." (Doc. 9). Gipson alleges Keith, Walker, and LeBlanc knowingly committed fraud in stating there was no available non-smoking tier at WCC to cover up the fact that cigarettes and/or other smoke-able drugs are smoked on every tier at WCC. (Doc. 9). Gipson further contends the CCA employees do nothing to prevent smoking at WCC. (Doc. 9).

Gipson filed a motion for summary judgment on March 30, 2015. (Doc. 23). Also, LeBlanc filed a motion to dismiss for failure to state a claim. (Doc. 29). On September 30, 2015, partial judgment was issued by the District Judge which denied Gipson's motion for summary judgment; denied and dismissed without prejudice Gipson's complaint against Keith for failure to serve; and denied and dismissed with prejudice Gipson's complaints against Garner and Marr. (Doc. 45). Also, the partial judgment granted in part and denied in part LeBlanc's motion to dismiss. Gipson's complaints against LeBlanc in his individual capacity were denied and dismissed with prejudice on September 30, 2015. (Doc. 45). Thus, the remaining named defendants are Walker and LeBlanc (in his official capacity). Gipson appealed the

judgment of the District Judge. The Fifth Circuit affirmed in part and dismissed in part for lack of jurisdiction. <u>Gipson v. Keith</u>, 678 Fed.Appx. 264 (5th Cir. 2017). With respect to the district court's denial of Gipson's summary judgment motion, the Fifth Circuit found they lacked jurisdiction to review that ruling "because the decision did not dispose of any claims or defendants." <u>Id.</u>

Gipson has filed a Motion for Relief from Judgment (Doc. 67).

## II. Law and Analysis

### A. Standards governing the Motion to Vacate.

Under Rule 60(b), a district court may vacate a judgment for any of the following reasons:

> 1) mistake, inadvertence, surprise, or excusable neglect;
> 2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> 3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> 4) the judgment is void;
> 5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> 6) any other reason that justifies relief.

Fed.R.Civ.P. 60(b). "A motion under Rule 60(b) must be made within a reasonable time – and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed.R.Civ.P 60(c)(1).

### B. Gipson's Motion for Relief from Judgment should be denied.

Gipson requests relief from judgment of the Fifth Circuit for the following reasons:

3

> All issues has not been joined insofar Petitioner Gipson's was amended on the 22nd day of September, 2010, when counsel's Jeananne self _____ [sic] appointed by this court to represent the class filed an Amended Complaint on plaintiff Gipson's behalf prior to his withdrawal due to offender Lewis constant filing of frivolous pleadings and making false accusation. Thus, Fifth Circuit lacked jurisdiction since this court did not certify the appeal.

(Doc. 67).

Gipson's Complaint was filed on July 8, 2014 (Doc. 1), as amended on August 26, 2014. (Doc. 9). Insofar as Gipson is referring to any Fifth Circuit ruling or a final judgment in another civil case he has filed, this Court has no jurisdiction to vacate a judgment of a higher court.

To the extent Gipson is referring to the Fifth Circuit's ruling in this case, <u>Gipson v. Keith</u>, 678 Fed.Appx. 264 (5th Cir. 2017), this Court has no jurisdiction to vacate the judgment of a higher court.

To the extent Gipson is requesting relief under Fed. R. Civ. P. 60 from the District Court's partial judgment issued on September 30, 2015, the Court recommends Gipson's request be denied. Gipson's motion is untimely. And no reasons under Rule 60 have been alleged or shown.

III. <u>Conclusion</u>

IT IS HEREBY RECOMMENDED that Gipson's Request for Relief from Judgment (Doc. 67) should be DENIED.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with

the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this __25th__ day of September, 2017.

Joseph H.L. Perez-Montes
United States Magistrate Judge